NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EVER EDUARDO ALVARADO-GARCIA, AKA Ever Eduardo Alvarado-Morales, | No. 19-70753 19-72582 |
| Petitioner, | Agency No. A200-151-429 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 7, 2020**
Seattle, Washington

Before: CALLAHAN and CHRISTEN, Circuit Judges, and RAKOFF,*** District
Judge.

Ever E. Alvarado-Garcia (Alvarado), a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeal's (BIA) denial of his

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

motion to remand for ineffective assistance of counsel and his motion to reopen for consideration of newly available evidence supporting his claims for withholding of removal and protection under the Convention Against Torture (CAT). We affirm.[1]

We review the BIA's denial of both a motion to remand and a motion to reopen for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323-24 (1992); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008).

**1.** The motion to remand was based on Alvarado's assertion that his retained attorney at the time of his hearing before the Immigration Judge had been ineffective. The BIA determined that Alvarado had not shown that his former counsel had rendered ineffective assistance of counsel, but also held that even if counsel had been ineffective, Alvarado was not prejudiced because he failed to proffer any evidence establishing a nexus between his fear of gangs and a protected ground. Reviewing the record, we find no evidence linking Alvarado's fear of gangs to a protected ground. Accordingly, Alvarado has failed to show that the BIA abused its discretion in denying his motion to remand.

**2.** Alvarado's motion to reopen was based on his presentation of additional evidence. The BIA denied Alvarado's motion because Alvarado could have, but failed to, present the additional information in prior proceedings, and also because

---

[1] Because the parties are familiar with the facts, we do not discuss them at length here.

the additional evidence was not critical. Alvarado admits that the 2002 "acta de denuncia" has existed since 2002 but argues that he could not get a copy of it until recently. But because the Immigration Judge found Alvarado credible, the "acta de denuncia" is cumulative evidence. Further, the evidence Alvarado identifies (the "acta de denuncia," country conditions evidence, and a declaration from his mother) does not show that the Immigration Judge might have come to a different conclusion had the evidence been considered earlier. Alvarado has not shown that the BIA abused its discretion in denying his motion to reopen.

**3**. The record does not compel a contrary conclusion on the CAT claim. To qualify for relief under CAT, Alvarado "must establish it is more likely than not that he or she would be tortured if returned to [El Salvador]." *Diaz-Reynoso v. Barr*, 968 F.3d 1070. 1089 (9th Cir. 2020). Other than the filing of the "acta de denuncia" in 2002, there is no evidence that the authorities were aware of Alvarado's mistreatment. Moreover, Alvarado's mother's assertion that his grandmother said that the gangs still inquired as to Alvarado's whereabouts does not compel a determination that he is likely to be tortured with the government's acquiescence if he is returned to El Salvador. There is no evidence that the gangs ever threatened his grandmother who resided in El Salvador until her recent death, and who directed Alvarado to file the "acta de denuncia."

Alvarado's petitions to review the BIA's denial of his motion to reopen and

3

motion to reopen and denial of immigration relief are **DENIED**.